## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**JONATHAN GRANGER,**
*ADC #104931*                                                  **PLAINTIFF**

v.                            **No. 5:13-cv-83-DPM-JTR**

**RAY HOBBS, Director,**
**Arkansas Department of Correction; and**
**JOHN FELTS, Chairman,**
**Arkansas Parole Board**                           **DEFENDANTS**

### ORDER

1.    Granger is serving a fifty-year sentence in the Arkansas Department of Correction for committing first-degree murder and illegally possessing a firearm. *Granger v. Hobbs,* 5:11-cv-320-JJV, № 6-1 at 29. He has filed this *pro se* § 1983 action alleging that the Defendants are improperly applying 1995 Ark. Acts 1326 and 1997 Ark. Acts 1197, which require him to complete seventy percent of his fifty-year sentence before being considered for parole or transfer to the Department of Community Corrections. The Court must screen Granger's complaint. 28 U.S.C. § 1915A.

2.    Granger says that Acts 1326 and 1197 violate his right to due process. The argument fails because state prisoners do not have a due process right to be released on parole or incarcerated in any particular facility.

*Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 9-11 (1979); *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Persechini v. Callaway*, 651 F.3d 802, 808 (8th Cir. 2011); *Rouse v. Benson*, 193 F.3d 936, 940 (8th Cir. 1999). His due process claim is therefore dismissed with prejudice.

**3.**    Granger also alleges that using Act 1326 or 1197 to determine his transfer eligibility date violates the *ex post facto* clause.   That argument is legally flawed because Granger concedes that Acts 1326 and 1197 went into effect on 1 July 1995 and 1 August 1997, before he committed his crimes on 7 October 1997. *Garner v. Jones*, 529 U.S. 244, 249-50 (2000); *U.S. v. Mueller*, 661 F.3d 338, 345-46 (8th Cir. 2011).   His federal *ex post facto* claim is therefore dismissed with prejudice.

4.    Finally, Granger argues that Acts 1326 and 1197 violate several provisions of the Arkansas Constitution and that Defendants are applying the wrong version of Arkansas law to him.  Both of those arguments, however, are matters of state law that cannot be asserted through § 1983. "[A] violation of state law, without more, does not state a claim under the federal Constitution or 42 U.S.C. § 1983." *Bagley v. Rogerson*, 5 F.3d 325, 328 (8th Cir. 1993).  The Court  declines to exercise supplemental jurisdiction over those

state law claims, which are dismissed without prejudice.  *See* 28 U.S.C. §
1367(c)(3); *Gibson v. Weber*, 433 F.3d 642, 647 (8th Cir. 2006).

* * *

Granger's complaint is dismissed.  The Court certifies that an *in forma
pauperis* appeal from this Order and related Judgment would not be taken in
good faith.  28 U.S.C. § 1915(a)(3).

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

17 April 2013